UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS, EASTERN DIVISION

| | |
|---|---|
| REBA DANASTORG ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO: 15-CV-11512 |
| ) | |
| US BANK NATIONAL ASSOCIATION, ) | |
| AS TRUSTEE ) | |
| ) | |
| Defendant, ) | |
| ) | |

**MEMORANDUM IN SUPPORT OF US BANK NATIONAL ASSOCIATION AS INDENTURE TRUSTEE OF CASTLE PEAK 2011-1 LOAN TRUST MORTGAGE BACKED NOTES, SERIES 2011-1'S MOTION TO DISMISS**

I. INTRODUCTION

The Defendant, US Bank National Association as Indenture Trustee of Castle Peak 2011-1 Loan Trust Mortgage Backed Notes, Series 2011-1 ("US Bank"), hereby moves to dismiss the Complaint of the Plaintiff, Reba Danastorg ("Danastorg"). As grounds for its motion, US Bank states that Danastorg has failed to state a claim upon which relief may be granted and for insufficiency of service of process. Thus, dismissal is appropriate pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 12(b)(5).

1

II. BACKGROUND

A. Procedural History

US Bank acquired the property located at 3 Whiting Lane, Hingham, MA 02043 (the "Property") as a result of a foreclosure sale that took place on September 13, 2012. Said foreclosure sale is evidenced by a Foreclosure Deed recorded on April 2, 2013 in the Plymouth County Registry of Deeds in Book 42884 at Page 158 (the "Foreclosure Deed").

Subsequently, US Bank commenced a Summary Process Action in the Housing Court Department of the Trial Court of the Commonwealth of Massachusetts, Southeastern Division, Docket No. 13-SP-2027 seeking possession of the Property. Danastorg contemporaneously filed a Chapter 13 Bankruptcy in the United States Bankruptcy Court, District of Massachusetts (Boston), Bankruptcy Petition No. 13-13006 to thwart her eviction (attached hereto as Exhibit A).

US Bank filed a Motion for Relief from Automatic Stay, seeking relief to proceed to exercise its rights pursuant to applicable federal and state law, including a summary process proceeding, as to the Property (attached hereto as Exhibit B). In its memorandum of law, US Bank averred that it was the owner of the Property by virtue of the Foreclosure Deed. Danastorg filed an Objection to the Motion for Relief in which she stated, *inter alia*, that the foreclosure sale conducted by US Bank was wrongful because the foreclosing entity was not the actual mortgagee or the holder of the promissory note at the time of the sale (attached hereto as Exhibit C). The Bankruptcy Court found that the Danastorg's suggestions that the US Bank did not hold either the mortgage or the note at the time of the foreclosure sale were without evidentiary support of any sort. More importantly, they were belied by the exhibits provided by the US Bank. In view of the foregoing, the Bankruptcy Court held that US Bank was the lawful owner

of the Property and entered an order granting the Motion for Relief from the Automatic Stay (attached hereto as Exhibit D).

US Bank then commenced a second Summary Process Action in the Housing Court Department of the Trial Court of the Commonwealth of Massachusetts, Southeastern Division, Docket No. 13-SP-5174 seeking possession of the Property (attached hereto as Exhibit E). On December 4, 2013, both parties, with the advice and consent of counsel, entered into an Agreement for Judgment in favor of the US Bank (the "Agreement") (attached hereto as Exhibit F). Per the terms of the Agreement, Danastorg agreed to vacate the Property on or before January 31, 2014 unless she, or a third party, purchased the Property before January 31, 2014. Danastorg did not purchase or vacate the Property by January 31, 2014, and continued to hold over in the Property alleging that US Bank was acting in bad faith. Danastorg insisted that her church, Imani Temple Ministries, was in the process of putting together an offer to purchase the property.

On or about March 17, 2014, Danastorg tendered her first offer to purchase the Property. The offer was in the amount of $410,000.00 and was supported by a letter from Imani Temple Ministries where Danastorg was the Treasurer (attached hereto as Exhibit G). The offer fell through, however, when the church filed bankruptcy fourteen days after Danastorg submitted her offer (attached hereto as Exhibit H).

On or about May 24, 2014, Danastorg tendered her second offer to purchase the Property. The offer was supported by a Letter of Interest from EZ Commercial Financial Services. The Letter of Interest stated that Danastorg had applied for private financing in the amount of $550,000.00 (attached hereto as Exhibit I). Upon investigation it was determined that neither E-Z Commercial Financial Services nor its President, Ed James, were licensed to originate residential

mortgages in the Commonwealth of Massachusetts. This determination was confirmed by the Massachusetts Division of Banks. Thus, US Bank declined the offer.

Having now received two inadequate offers, US Bank sought to exercise its right to possession of the Property. Having exhausted her remedies in Bankruptcy Court, Danastorg filed a Chapter 13 Bankruptcy petition on behalf of Gladys E. Gaskin, her mother, on June 12, 2014 in the United States Bankruptcy Court, District of Massachusetts (Boston), Bankruptcy Petition No. 14-12827 (attached hereto as Exhibit J). Danastorg alleged that her mother lived in the Property and that US Bank was subject to the mandatory stay. Danastorg also filed a complaint in the Superior Court of the Commonwealth of Massachusetts, County of Plymouth, Docket No. PLCV2014-00621A seeking a stay of execution on June 13, 2014. After an *ex parte* hearing, the Plymouth Superior Court granted a Temporary Restraining Order ordering a stop to the scheduled eviction (attached hereto as Exhibit K).

On or about August 19, 2014, during the pendency of the bankruptcy and without prior approval of the Bankruptcy Court, Danastorg tendered a third offer to purchase the Property. The offer was supported by a pre-qualification letter from Cambridgian Capital. The pre-qualification letter stated that Danastorg had been pre-qualified for a 30-year FHA mortgage in the amount of $540,000.00 (attached hereto as Exhibit L). Upon investigation it was determined that neither Cambridgian Capital nor Clinton Evans, who signed the letter, were licensed to originate residential mortgages in the Commonwealth of Massachusetts. This determination was confirmed by the Massachusetts Division of Banks. Thus, US Bank declined the offer.

On July 22, 2014 US Bank filed an Amended Motion for Summary Judgment with the Plymouth Superior Court requesting an entry of judgment in its favor as there was no issue of

material fact (attached hereto as Exhibit M). Danastorg filed an opposition to the motion for summary judgment on or about August 19, 2014 (attached hereto as Exhibit N).

On August 21, 2014, after an exhaustive review, Bankruptcy Judge Frank J. Bailey found that the multiple bankruptcy filings by Danastorg were part of a scheme to delay, hinder, or defraud her creditors and granted US Bank relief from stay, *in rem*, under 11 U.S.C. § 362 (d)(4) (attached hereto as Exhibit O).

On or about September 9, 2014, Danastorg tendered a fourth offer to purchase the Property. The offer was in the amount of $470,000.00, but was not supported by any additional paperwork (attached hereto as Exhibit P). US Bank declined the offer as it was unsupported.

On October 24, 2014, while still subject to the Superior Court stay and in an effort to resolve the Plymouth Superior Court action, US Bank entered into a Purchase & Sales Agreement with Danastorg's cousin, Schanise McKensie, to purchase the Property (attached hereto as Exhibit Q). Contemporaneous with the acceptance of the Purchase & Sales Agreement, and with the assistance of counsel, Danastorg entered into a Settlement Agreement with US Bank. Per the terms of the Settlement Agreement, Danastorg agreed to waive the right to appeal or to seek further stays of execution for possession, in any court, relative to the Property and promised to voluntarily vacate within five days should Schanise McKensie default, in any way, under the terms of the Purchase & Sales Agreement (attached hereto as Exhibit R).

On November 12, 2014, Schanise McKensie defaulted under the terms of the Purchase & Sales Agreement by failing to timely tender the second deposit (attached hereto as Exhibit S). Danastorg however refused to honor her obligations under the Settlement Agreement and continued to hold over in the Property until the next hearing date in the Plymouth Superior Court. With Danastorg refusing to honor her obligations under the Settlement Agreement, and at

the urging of the Plymouth Superior Court, US Bank waived the initial default by Schanise McKensie as long as all other timelines were observed. Nevertheless, on December 9, 2014, Schanise McKensie once again defaulted by failing to tender the second deposit or the balance of the agreed purchase price on December 8, 2014 (attached hereto as Exhibit T).

Contemporaneous with the second default, Judge William F. Sullivan of the Plymouth Superior Court ordered that judgment be entered in favor of US Bank and dismissed Danastorg's complaint. Judge Sullivan continued the stay until January 8, 2015, however, to allow Danastorg time to sort out her affairs (attached hereto as Exhibit U).

On January 7, 2015, Danastorg sought another stay in the Housing Court Department of the Trial Court of the Commonwealth of Massachusetts, Southeastern Division. Specifically, Danastorg requested a stay of execution for a period of ninety days. Danastorg was granted a sixty day stay of execution (See Housing Court Docket attached hereto as Exhibit V).

On March 3, 2015, Danastorg commenced a new case in the Housing Court Department of the Trial Court of the Commonwealth of Massachusetts, Southeastern Division, Docket No. 15-CV-00210 seeking yet another stay. Specifically, Danastorg requested a stay of execution for a period of thirty days. Danastorg was granted a stay of execution until April 1, 2015. (attached hereto as Exhibit W). On April 2, 2015, Danastorg filed another motion for a stay of execution in the Housing Court Department of the Trial Court of the Commonwealth of Massachusetts, Southeastern Division. Danastorg's request was denied and she was evicted from the Property on April 6, 2015 (See Housing Court Docket attached hereto as Exhibit X).

On January 6, 2016 at 3:48 PM US Bank's attorneys at Shapiro Dorry Masterson, LLC were served with the attached Summons and Complaint by Rhode Island Constable J.F. Mallinson (attached hereto as Exhibit Y). Shapiro Dorry Masterson, LLC and its attorneys are

not authorized to accept service on behalf of US Bank (see Affidavit attached hereto as Exhibit Z).

B.    Danastorg's Allegations

In her Complaint, in the case at bar, Danastorg failed to allege any claims against US Bank and simply requested a stay of execution to an eviction action. The injunctive relief sought in the Complaint was denied for lack of any facts supporting the issuance of an injunction. Nine months later, in her Response to this Court's Order to Show Cause, Danastorg alleged that US Bank breached an Agreement for Judgment dated December 4, 2013 and that this argument was not heard in the lower courts (Response at ¶ 2); that US Bank may not be a legal entity and did not have a right to foreclose (Response at ¶ 3); and that US Bank discriminated against Danastorg by foreclosing on her mortgage without regard for the status of a mortgage originated and then sold by an unlicensed lender (Response at ¶ 3). Danastorg seeks to be able to return to the Property, damages for pain and suffering, all costs incurred from relocation and storage fees, as well as legal fees incurred after January 31, 2014.

III.   MOTION TO DISMISS CLAIMS AGAINST US BANK PURSUANT TO FED. R. CIV. P. 12(B)(6)

Granting a motion to dismiss pursuant to Fed. R. Civ. P. 12 (b)(6) is appropriate if "it appears beyond doubt that the plaintiff can prove no set of facts in support of [his] claim which would entitle [her] to relief." *Roeder v. Alpha Indus., Inc.*, 814 F.2d 22, 25 (1st Cir. 1987), quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The purpose of a Rule 12(b)(6) motion is to "streamline litigation by dispensing with needless discovery and fact finding." *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). When ruling on a motion to dismiss, the court must consider well-pled allegations in a complaint as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421-

22 (1969). Allegations are to be construed in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). However, the court need not accept "legal conclusions or… bald assertions" made without factual support. *Resolution Trust Corp. v. Driscoll*, 985 F. 2d 44, 48 (1st Cir. 1993); *Papasan v. Allain*, 478 U.S. 265, 286 (1986). At a minimum, the plaintiff must offer some facts to support her claims. *Twombly v. Bell Atlantic*, 550 U.S. 544, 556 (2008) (complaint must offer "enough factual matter (taken as true) to suggest an agreement was made"). In order for the plaintiff to survive a motion to dismiss, she has an "obligation to provide the grounds of his entitlement to relief" with factual allegations that are "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

A.     Danastorg's Claims Are Barred By The Doctrine of *Res Judicata*

The doctrine of *res judicata* operates to bar the re-litigation of issues that were or could have been raised in an earlier action between the same parties arising from the same set of operative facts. See *Allen v. McCurry*, 449 U.S. 90, 94 (1980); *Kale v. Combined Ins. Co.*, 924 F.2d 1161, 1165-66 (1st Cir. 1991); *Carvalho v. Fannie Mae* (In re Carvalho), 335 F.3d 45, 49 (1st Cir. 2003). "The doctrine of *res judicata* is founded on the necessity for finality in litigation." *Wright Mach. Corp. v. Seaman-Andwall Corp.*, 364 Mass. 683 688 (1974). "Considerations of fairness and the requirements of efficient judicial administration dictate that an opposing party in a particular action as well as the court is entitled to be free from continuing attempts to relitigate the same claim." *Id*. "The rule of *res judicata* is designed to forestall a plaintiff from getting 'two bites at the apple.'" *Anderson v. Phoenix Inv. Counsel of Boston, Inc.*, 387 Mass. 444, 452 (1982).

The Court should also look to state law regarding the applicability of the *res judicata* defense where a previously adjudicated case was pending in state court. *Perez Guzman v.*

*Gracia,* 346 F.3d 229 (1st Cir. 2003), citing *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 466 (1982); 102 S.Ct. 1883. "Three conditions must be met in order to justify an application of the [*res judicata*] doctrine: (1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits." *O'Connell v. Fed. Ins. Co.*, 484 F. Supp. 2d 223, 225 (D. Mass. 2007) (quoting *Perez v. Volvo Car Corp.*, 247 F.3d 303, 311 (1st Cir. 2001)); see also *Kobrin* v. *Board of Registration in Med.,* 444 Mass. 837, 843 (2005); *Heacock v. Heacock*, 402 Mass. 21, 23 (1988).

In the case at bar, the issue articulated in Paragraph 2 of Danastorg's Response concerning US Bank's alleged breach of the Agreement was litigated in the Superior Court of the Commonwealth of Massachusetts, County of Plymouth in *Danastorg v. US Bank National Association, as Indenture Trustee Castle Peak*, Docket No. PLCV2014-00621A. Final Judgment entered against Danastorg on December 12, 2014. The same issue was also repeatedly raised by Danastorg in her multiple filings in the Housing Court Department of the Trial Court of the Commonwealth of Massachusetts, Southeastern Division.

Likewise, the issue concerning title articulated in Paragraph 3 of Danastorg's Response has already been litigated in the United States Bankruptcy Court, District of Massachusetts (Boston), in *In re Reba Danastorg* Case No. 13-13006. Notwithstanding the holding by the Bankruptcy Court, the Plaintiff could have tried to challenge US Bank's title to the Property in the Housing Court action, but failed to do so. In *Bank of New York v. Bailey*, 460 Mass. 327 (2011) the Massachusetts Supreme Judicial Court held that the Housing Court has jurisdiction to decide the validity of a challenge to the foreclosing bank's title in a summary process action, where the challenge is raised as a defense to the summary process action. The First Circuit has

applied the doctrine of *res judicata* to bar a claim that was available to a plaintiff in a prior state court action, but was not made. In *Diversified Foods, Inc. v. First Nat'l Bank*, 985 F.2d 27 (1st Cir. 1993), the Court held that plaintiffs should have brought all claims in the initial state court action, and because those claims arose out of the same factual transaction with the same parties as those asserted in state court, the subsequent federal court case was barred. *Id.* As explained in *Bailey*, Danastorg could have raised her challenges to US Bank's title in the Housing Court action. Applying the rationale of *Diversified Foods* to the facts of this case, Danastorg's complaint here should be dismissed with prejudice because it arises out of the same factual transaction and involves the same parties.

For the above reasons, Danastorg's claims are barred under the doctrine of *res judicata*, and her Complaint must be dismissed with prejudice.

B.   Danastorg Fails to Allege Sufficient Facts to Support Her Claim of Discrimination

In Paragraph 3 of Danastorg's Response, it is alleged that the US Bank discriminated against her by foreclosing without regard for the status of a mortgage that was originated and sold by an unlicensed lender. Danastorg provides no basis for this allegation. Danastorg's bald assertion that she was discriminated against and that the mortgage was originated by an unlicensed lender are insufficient to sustain a claim of discrimination. Standing alone, and applying the rationale of *Resolution Trust Corp.* and *Twombly*, there are no facts to support the conclusion that Danastorg was discriminated against and the claim must fail.

IV.   MOTION TO DISMISS CLAIMS AGAINST US BANK PURSUANT TO FED. R. CIV. P. 12(B)(5)

"Effectuation of service is a precondition to suit." *Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998). While a defendant bears the initial burden to challenge the validity of service of process, once a defendant makes a Fed. R. Civ. P. 12(b)(5) motion, the burden

shifts to the plaintiff to establish that process was proper. *Morse v. Mass. Exec. Office of Public Safety*, No. 12-cv-40160-TSH, 2013 U.S. Dist. LEXIS 48938, 2013 WL 1397736, at * 1 (D. Mass. April 4, 2013); see also *Blair v. City of Worcester*, 522 F.3d 105, 111-12 (1st Cir. 2008) (stating that the burden of proving proper service returns to plaintiff after defendant rebuts presumption of proper service arising from return of service).

In the case at bar, Danastorg has failed to properly serve US Bank because she served its attorneys who are not designated, or appointed, to accept service on behalf of US Bank. Fed. R. Civ. P. 4(h) authorizes service upon a corporation within a judicial district of the United States to be made by: (1) following state law for serving a summons; or (2) by delivering the summons and complaint to an officer, a managing or general agent, or to some other agent authorized by appointment or by law to receive service of process. As Danastorg did not serve US Bank, dismissal is appropriate for failure to effectuate proper service.

V.  CONCLUSION

For the foregoing reasons, the Defendant, US Bank, respectfully requests that its Motion to Dismiss be allowed, and that the Court dismiss all "counts" found in Danastorg's Complaint and Response.

Dated: January 27, 2016

                      Respectfully submitted,

                      US BANK NATIONAL ASSOCIATION
AS INDENTURE TRUSTEE OF CASTLE PEAK 2011-1 LOAN TRUST MORTGAGE BACKED NOTES, SERIES 2011-1.

By its attorneys,

*/s/ William A. Dorry IV*
William A. Dorry IV, BBO #666984

Shapiro Dorry Masterson, LLC
145 Waterman Street
Providence, RI 02906
(401) 455-0002
wdorry@sdmlawgroup.com

## CERTIFICATE OF SERVICE

I, William A. Dorry IV, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 27, 2016.

*/s/ William A. Dorry IV*_____
William A. Dorry IV