UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| REBA DANASTORG, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | Civil Action No. 15-cv-11512-ADB |
| US BANK NATIONAL ASSOCIATION, | * | |
| AS TRUSTEE, | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

On April 3, 2015, Reba Danastorg ("Danastorg") brought suit against US Bank National Association ("US Bank"). Presently before this Court is US Bank's Motion to Dismiss the Amended Complaint for failure to state a claim. [ECF No. 36]. For the reasons stated below, the motion to dismiss is GRANTED.

**I.   PROCEDURAL HISTORY**

The Court takes judicial notice of the related state court and bankruptcy proceedings, records of which have been submitted as exhibits to the instant motion to dismiss and which are publicly available. See Giragosian v. Ryan, 547 F.3d 59, 66 (1st Cir. 2008) ("Matters of public record ordinarily include 'documents from prior state court adjudications.'" (quoting Boateng v. InterAmerican Univ., Inc., 210 F.3d 56, 60 (1st Cir. 2000))); see also Rodi v. S. New Eng. Sch. of L., 389 F.3d 5, 12 (1st Cir. 2004).

In 2002, Danastorg acquired 3 Whiting Lane, Unit 3, Building F, Hingham, MA 02043 (the "Property"). In re Danastorg, 499 B.R. 8, 11 (Bankr. D. Mass. 2013). In July 2005, Danastorg took out a loan in connection with refinancing the Property. Id. at 11. After defaulting

on her mortgage and note for nonpayment, US Bank "conducted a foreclosure sale of the Property on September 13, 2012 pursuant to the statutory power of sale in the mortgage." Id. at 12. In early 2013, US Bank executed a Foreclosure Deed for the Property. Id. at 11. After receiving a notice to vacate from US Bank, Danastorg filed a petition under Chapter 13 of the United States Bankruptcy Code on May 20, 2013. Id. at 12. Before the bankruptcy court, Danastorg challenged US Bank's ability to pursue a summary process proceeding against her. On September 16, 2013, the bankruptcy court held that Danastorg's "suggestions that U.S. Bank did not hold either the mortgage or the note at the time of the foreclosure sale are without evidentiary support of any sort," and granted US Bank relief from the automatic stay to continue the summary process proceeding against Danastorg. Id. at 20.

On or around October 3, 2013, another notice to vacate the Property, giving her 72 hours to vacate, was sent to Danastorg. [ECF No. 43-5 at 4]. On or around November 1, 2013, Danastorg received a notice of a summary eviction process against her in the Massachusetts Housing Court, Southeastern Division in Plymouth/Bristol County ("Housing Court") for failing to vacate the Property. See [ECF Nos. 43-5]. On December 4, 2013, Danastorg entered into an Agreement for Judgment (the "Agreement") with US Bank to end the Housing Court matter. [ECF No. 35, Ex. A]. The Agreement is central to the allegations in her Amended Complaint and is discussed below. The Agreement required that she either vacate or purchase the Property by January 31, 2014. [ECF No. 35, Ex. A at ¶¶ 2, 10]. Although she tried, she was unable to purchase the Property for reasons set forth more fully below. It appears that her negotiations with US Bank continued into April 2014. Thereafter, US Bank again tried to evict her.[1]

---

[1] According to Danastorg's opposition to US Bank's summary judgment motion in Superior Court, US Bank filed to renew the Execution for Possession in the Summary Process action, which had expired. [ECF No. 43-14 at 7]. Danastorg missed the motion hearing and later filed a motion for reconsideration, which was denied. Id. at 45.

Danastorg eventually filed suit in the Massachusetts Superior Court in Plymouth County (the "Superior Court") to stop the eviction then scheduled to take place on June 13, 2014. [ECF No. 43-11]. The Superior Court issued a temporary restraining order staying the execution until June 17, 2014. Id. On or around July 22, 2014, US Bank moved for summary judgment in the Superior Court case, [ECF No. 43-13], which Danastorg opposed [ECF No. 43-14]. In December 2014, after full briefing and a hearing, the Superior Court granted summary judgment in favor of US Bank. [ECF No. 43-21]. On March 3, 2015, Danastorg initiated a new case in Housing Court, Case No. 15-CV-00210, through which she was able to get a further stay of execution. [ECF No. 43-24]. For reasons not entirely clear, Danastorg seemed to remain on the Property until approximately April 2015, at which time she vacated the premises. See [ECF No. 43-23].

On April 3, 2015, Danastorg filed her first complaint in this Court. [ECF No. 1]. On January 27, 2016, US Bank moved to dismiss the complaint [ECF No. 20], and the motion was granted in part and denied in part [ECF No. 32]. On June 9, 2016, Danastorg filed her Amended Complaint with one exhibit, the Agreement for Judgment between the parties filed in state court. [ECF No. 35]. US Bank moved to dismiss the Amended Complaint on June 22, 2016. [ECF No. 36]. Danastorg opposed the motion on July 27, 2016. [ECF No. 46].

## II.     ALLEGATIONS IN THE AMENDED COMPLAINT

Under the December 4, 2013 Agreement with US Bank [ECF No. 35, Ex. A], either Danastorg or a third party acting for her benefit was allowed to purchase the Property before January 31, 2014.[2] If no such purchase occurred, the Agreement required that Danastorg vacate

---

[2] Specifically, the Agreement provided that "[t]he Plaintiff [US Bank] and Defendant(s) [Danastorg] agree that nothing in this agreement is intended to be, and shall not be construed as, a waiver of the Defendant's right to seek to purchase the property from the Plaintiff, or of a third party to purchase it for her benefit. In the event that the Defendant purchases the property, or a third party purchases it for her benefit, the Defendant shall not be required to vacate the Property." Agreement at ¶ 10.

the premises by January 31, 2014. As part of the Agreement, Danastorg also agreed to drop any pending and future claims against US Bank and its subsidiaries related to the foreclosure. Danastorg was allowed to remain on the Property until the deadline. She claims that she was paying rent to the US Bank in the amount of $2300 per month at the time she was evicted, although the Agreement specifies that she was expected to pay $300 per month from the date of foreclosure until January 31, 2014.

Danastorg avers that immediately following the execution of the Agreement, she attempted to learn the asking price for the Property and the contact information of the relevant person who would be handling the sale at US Bank. She was not provided the contact information until one week before the January 31, 2014 deadline and was not informed of a purchase price for the Property by the deadline, despite her repeated efforts to get that information in time. Even following the January 31, 2014 deadline, she continued to inquire into the asking price for several months. Danastorg alleges that US Bank's failure to provide an asking price prohibited her from purchasing the Property and constituted a breach of the Agreement.

On March 14, 2014, despite still not having been given an asking price, Danastorg offered $410,000 for the Property based on researching the Property's value online (through a website called Zillow), which reported that the Property was worth $433,966. Danastorg factored into her offer that, based on information received from US Bank, she would be purchasing the Property "as is" and "without inspections." Danastorg only later discovered that the bank recorded a purchase price of $470,000 for the Property at foreclosure. She was not given an asking price until April 5, 2014. Danastorg alleges that US Bank declined her offer of $410,000 and began eviction proceedings.

In support of her breach of contract claim, Danastorg alleges that US Bank breached the Agreement when it refused to provide the asking price for the Property and "when the defendants later agreed to the purchase of the property they changed the agreement guidelines that either [Danastorg] or a third party could purchase property to only a third person." Am. Compl. ¶ 10. She further alleges that the Agreement "was not signed in good faith and was done with extreme prejudice and with malice." Am. Compl. ¶ 11. Despite related proceedings in the Housing Court and Superior Court, Danastorg avers that "no court would consider the fact that [she], in good faith, entered into an agreement with US National Bank Association, and a requirement necessary in order to execute that agreement within the agreement time frame would be to know what the asking price of the property would be." Am. Compl. ¶ 8.

Danastorg also claims that her civil rights were violated and that she "was discriminated against by being foreclosed on without regard for the status of a mortgage originated and then sold by an unlicensed lender." Am. Compl. ¶ 12. Danastorg provides no additional allegations regarding the civil rights violation.

As relief, Danastorg requests that the Court find that US Bank breached the Agreement, reverse her eviction, allow her to return to the Property, give her another opportunity to purchase the Property or order mediation between the parties to resolve the matter, and award monetary damages equal to the cost of all storage and moving fees incurred as a result of her eviction.

### III.     LEGAL STANDARD

On a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), the Court must accept as true all well-pleaded facts, analyze those facts in the light most hospitable to the plaintiff's theory, and draw all reasonable inferences from those facts in favor of the plaintiff. United States ex rel. Hutcheson v. Blackstone Med. Inc. 647 F.3d 377, 383 (1st Cir. 2011). Aside from the complaint, "within the Rule 12(b)(6) framework, a court may consider matters of public record and facts susceptible to judicial notice." United States ex rel. Winkelman v. CVS Caremark Corp., 827 F.3d 201, 208 (1st Cir. 2016). Such documents "ordinarily include 'documents from prior state court adjudications.'" Giragosian, 547 F.3d at 66 (quoting Boateng, 210 F.3d at 60 (1st Cir. 2000)).

Although detailed factual allegations are not required, a complaint must set forth "more than labels and conclusions." Bell Atl. Com. v. Twombly, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action" is not enough. Id. To avoid dismissal, a complaint must set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008) (internal quotations and citation omitted).

Further, the facts alleged, when taken together, must be sufficient to "state a claim to relief that is plausible on its face." A.G. ex rel. Maddox v. Elsevier, Inc., 732 F.3d 77, 80 (quoting Twombly 550 U.S. at 570). "The plausibility standard invites a two-step pavane." Id. (quoting Grajales v. P.R. Ports Auth., 682 F.3d 40, 45 (1st Cir. 2012)). "At the first step, the court 'must separate the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited).'" Id. (quoting Morales-Cruz v. Univ. of P.R., 676 F.3d 220, 224 (1st Cir. 2012)). "At the second step, the court must determine

whether the remaining factual content allows a 'reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Morales-Cruz, 676 F.3d at 224). "The make-or-break standard . . . is that the combined allegations, taken as true, must state a plausible, not a merely conceivable, case for relief." Sepulveda-Villarini v. Dep't of Educ. of P.R., 628 F.3d 25, 29 (1st Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

Because Danastorg is proceeding *pro se*, the Court will construe her allegations liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, *pro se* litigants still must comply with procedural and substantive law. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). Dismissal of a *pro se* complaint is appropriate when the complaint fails to state an actionable claim. Muller v. Bedford VA Admin. Hosp., No. 11-cv-10510, 2013 WL 702766, at *3 (D. Mass. Feb. 25, 2013) (citing Overton v. Torruella, 183 F. Supp. 2d 295, 303 (D. Mass. 2001)).

## IV.    DISCUSSION

Although the Amended Complaint does not separately set out Danastorg's causes of action, the Court has identified the following three claims: (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, and (3) a civil rights violation based on discrimination. US Bank argues that the breach of contract claims should be dismissed because they are barred by the doctrine of res judicata and that the civil rights violation is insufficiently pled. Danastorg argues that no prior court proceeding addressed the claims arising out of breach of the Agreement, and that her breach of good faith and fair dealing claim should at least proceed because it attaches in instances of promissory estoppel. She makes no argument with respect to the civil rights violation.

### a. Claims involving breach of the Agreement

US Bank argues that the Superior Court's judgment, granting summary judgment in favor of US Bank, has preclusive effect in this case under the doctrine of res judicata. "Under the full faith and credit statute, 28 U.S.C. § 1738, a judgment rendered in a state court is entitled to the same preclusive effect in federal court as it would be given within the state in which it was rendered." Giragosian, 547 F.3d at 63 (quoting In re Sonus Networks, Inc., 499 F.3d 47, 56 (1st Cir. 2007)); see also Marrese v. Am. Acad. of Orthopaedic Surgeons, 470 U.S. 373, 380 (1985); Andrew Robinson Int'l, Inc. v. Hartford Fire Ins. Co., 547 F.3d 48, 51 (1st Cir. 2008) ("A federal court sitting in diversity must apply state law to determine the preclusive effect of an earlier state court judgment."). In Massachusetts, res judicata includes both claim and issue preclusion. Giragosian, 547 F.3d at 63. "Claim preclusion prevents the relitigation of all claims that a 'litigant had the opportunity and incentive to fully litigate . . . in an earlier action.'" Id. (quoting In re Sonus Networks, Inc., 499 F.3d at 56). "The doctrine of claim preclusion makes a valid, final judgment conclusive on the parties and their privies, and bars further litigation of all matters that were or should have been adjudicated in the action." Heacock v. Heacock, 520 N.E.2d 151, 152–53 (Mass. 1988).

"It is . . . procedurally appropriate to consider res judicata on a motion to dismiss as long as 'there was no prejudice to plaintiff resulting from the procedural format in which the issue of res judicata was considered.'" Lynch v. Bd. of State Exam'rs of Electricians, 218 F. Supp. 2d 3, 6 (D. Mass. 2002) (quoting Diaz-Buxo v. Trias Monge, 593 F.2d 153, 155 (1st Cir. 1979)). Danastorg has had ample opportunity to argue against the applicability of res judicata and the Amended Complaint itself anticipates some of the responsive arguments. As such, the Court

discerns no prejudice from addressing res judicata on the motion to dismiss and Danastorg does not argue to the contrary.

To establish claim preclusion under Massachusetts law, a party must show: "(1) the identity or privity of the parties to the present and prior actions, (2) identity of the cause of action, and (3) prior final judgment on the merits." DaLuz v. Department of Correction, 746 N.E.2d 501, 505 (Mass. 2001); see also Andrew Robinson Int'l, Inc., 547 F.3d at 52. With regard to the second element, "[a] claim is the same for [claim preclusion] purposes if it is derived from the same transaction or series of connected transactions." TLT Constr. Corp. v. A. Anthony Tappe & Assocs., Inc., 716 N.E.2d 1044, 1051 (Mass. App. Ct. 1999) (quoting Saint Louis v. Baystate Med. Ctr, Inc., 568 N.E.2d 1181, 1185 (Mass. App. Ct. 1991)) (alteration in original) (internal quotation marks omitted).

All the elements of Massachusetts claim preclusion are met here. First, the parties are identical: the same plaintiff, Reba Danastorg, brought suit against the same defendant, U.S. National Bank Association, in both this case and the Superior Court action. See [ECF No. 43-11]. Second, the breach of contract claim alleged here "derive[s] from the same transaction or series of connected transactions" as Danastorg's challenge to her eviction in Superior Court. See id. In Superior Court, Danastorg asked for both a stay of the execution of a judgment issued by the Housing Court in a summary process action brought by US Bank and for a judgment voiding the Agreement for Judgment that is also at issue here. See [ECF Nos. 43-11; 43-14]. In Danastorg's opposition to the summary judgment motion, she articulated the same arguments regarding US Bank's alleged breach of the Agreement—then as grounds to void the Agreement and stop her eviction—that she presents to this Court—now as grounds for a breach of contract. In her complaint in Superior Court, Danastorg claimed that the seller had not acted in good faith

9

and that it refused to provide the information (i.e., the purchase price) that she needed to meaningfully initiate the purchase of the Property. [ECF No. 43-11]. Further, she argued that US Bank did not negotiate with her in good faith when she tried to purchase the Property pursuant to the Agreement and that she had never had an opportunity to present these issues before. Id.; see also [ECF No. 43-14 at 9]. Before the Superior Court, she specifically argued that the language of the Agreement "required US Bank to timely provide Danastorg with an asking price for the property and once the offer was accepted, give her sufficient time to seek and obtain financing." [ECF No. 43-14 at 10–11]. In essence, she argued before the Superior Court that because US Bank failed to comply with the Agreement, her reciprocal agreement to vacate the Property should not have been enforceable. See id. The Amended Complaint in this case does not allege any new facts and relies on the same events as the Superior Court action.

      Thus, it is clear that the claims here and the claims in the Superior Court action arise out of the parties' conduct in connection with the Agreement, including Danastorg's attempts to purchase the Property and her dissatisfaction with US Bank's performance under the Agreement. Although Danastorg did not allege a breach of contract claim in Superior Court and instead sought to stay her eviction and void the Agreement on the grounds that US Bank did not perform under the Agreement in good faith, she made the same arguments based on the same events that she relies on here, which is sufficient to establish an identity of claims for claim preclusion purposes. See Andrew Robinson Int'l, Inc., 547 F.3d at 52 ("Discrete theories of liability may constitute identical causes of action for claim preclusion purposes if they are based on the same nucleus of operative facts."); see also TLT Constr. Corp., 716 N.E.2d at 1051 ("A claim is the same for [claim preclusion] purposes if it is derived from the same transaction or series of connected transactions." (quoting Baystate Med. Center, Inc., 568 N.E.2d at 1185) (internal

quotation marks omitted); Steele v. Bongiovi, 784 F. Supp. 2d 94, 98 (D. Mass. 2011) (finding an identity of claims where claims in later lawsuit were "intimately related" to claims in earlier lawsuit and plaintiff could have raised them earlier); Chuang Invs. v. Eagle Inns, Inc., 893 F. Supp. 102, 104 (D. Mass. 1995) (holding state law claims barred by principle of res judicata because they could have been asserted in the original state court action).[3] Thus, Danastorg could and should have raised her claims arising out of the Agreement at the time she filed her Superior Court action against US Bank or amended the state court complaint to include the claim. The fact that she essentially requests reversal of her eviction in this Court after failing to stop her eviction in Housing Court and Superior Court further underscores the fact that Danastorg is attempting to get "two bites at the apple," which is exactly what "[t]he rule of res judicata is designed to forestall." Anderson v. Phoenix Inv. Counsel of Boston, Inc., 440 N.E.2d 1164, 1169 (Mass. 1982); see also Airframe Sys., Inc. v. Raytheon Co., 520 F. Supp. 2d 258, 265 (D. Mass. 2007), aff'd, 601 F.3d 9 (1st Cir. 2010).

Finally, there was a final judgment on the merits in the Superior Court case because the court granted summary judgment in favor of US Bank, which Danastorg did not appeal.[4] See

---

[3] The fact that Danastorg sought equitable relief in the Superior Court and now seeks damages arising from her move off the Property does not change the preclusive effect of the Superior Court judgment under these circumstances. The res judicata analysis depends on whether the claims are based on the same transaction or series of connected transactions, and not on the available theory of damages. See Tuite & Sons, Inc. v. Shawmut Bank, N.A., 686 N.E.2d 1050, 1053 (Mass. App. Ct. 1997) (holding that "the gravamen of both actions is indistinguishable, and any post hoc effort to recast the damages sought is not enough to circumvent res judicata."); see also Reppert v. Marvin Lumber & Cedar Co., 359 F.3d 53, 57 (1st Cir. 2004) (noting that, in discussion of federal res judicata doctrine, "we are unaware of . . . any cognizable precedent holding that the type of relief sought in any way factors into the res judicata formula. Succinctly, it is the operative facts and the underlying causes of actions that are of determinative relevance").

[4] Danastorg entered into a Settlement Agreement with US Bank in which she agreed to waive the right to appeal the Superior Court action. See [ECF No. 43-18 at ¶ 3]. A search of the Massachusetts Appellate decisions database, available at https://www.lexisnexis.com/clients/macourts/, reveals no case in Danastorg's name and a review of the Superior Court docket [ECF No. 50] does not indicate that any appeal was taken.

DaCruz-Crossely v. U.S. Bank Nat'l Ass'n, 926 F. Supp. 2d 405, 408 (D. Mass. 2013) (holding that under Massachusetts law, "Superior Court's grant of summary judgment was a final judgment on the merits."); Buba v. Deutsche Bank Nat'l Trust Co. Americas, No. 16-cv-10421-PBS, 2016 WL 2626861, at *4 (D. Mass. May 6, 2016) (citing Jarosz v. Palmer, 766 N.E.2d 482, 489 (Mass. 2002)). Accordingly, the doctrine of claim preclusion bars Danastorg's breach of contract claim. The claim is therefore dismissed.

The same reasoning regarding preclusive effect of the Superior Court judgment on the breach of contract claim also applies to the related claim for breach of the implied covenant of good faith and fair dealing. This claim is limited to the terms of the contract at issue and has no life beyond that contract. "The covenant may not . . . be invoked to create rights and duties not otherwise provided for in the existing contractual relationship, as the purpose of the covenant is to guarantee that the parties remain faithful to the intended and agreed expectations of the parties in their performance." Uno Rests., Inc. v. Boston Kenmore Realty Corp., 805 N.E.2d 957, 964 (Mass. 2004). In her opposition to US Bank's summary judgment motion in the Superior Court, Danastorg claimed that US Bank negotiated in bad faith, violated the Agreement when they failed to provide her with an asking price, and generally did not make it reasonably possible for her to purchase back the Property. See, e.g., [ECF No. 43-14 at 9–11]. Here, Danastorg presents no new grounds for the breach of the implied covenant of good faith and fair dealing beyond what she argued or could have argued in the Superior Court. Thus, like the breach of contract claim, Danastorg could and should have brought her breach of implied covenant of good faith and fair dealing claim in her earlier state court litigation. Accordingly, Danastorg's claims arising out of the Agreement are barred by res judicata.

The Court notes that Danastorg's opposition to the motion to dismiss seems to raise a claim of promissory estoppel for the first time. "Under Massachusetts law, the elements of promissory estoppel are '(1) a representation intended to induce reliance on the part of a person to whom the representation is made; (2) an act or omission by that person in reasonable reliance on the representation; and (3) detriment as a consequence of the act or omission.'" TechTarget, Inc. v. Spark Design, LLC, 746 F. Supp. 2d 353, 357 (D. Mass. 2010) (quoting Bongaards v. Millen, 793 N.E.2d 335, 339 (Mass. 2003)). The Court cannot discern a promissory estoppel claim from the Amended Complaint, which focuses entirely on breach of the Agreement. Danastorg cannot now raise, without adequate notice to the opposing party, a claim that is not asserted in the Amended Complaint. "At a bare minimum, even in this age of notice pleading, a defendant must be afforded both adequate notice of any claims asserted against him and a meaningful opportunity to mount a defense." Díaz-Rivera v. Rivera-Rodríguez, 377 F.3d 119, 123–24 (1st Cir. 2004) (internal quotation marks omitted). Thus, a promissory estoppel claim, assuming it was meant to be alleged, would fail under Rule 12(b)(6) for failure to state a claim.

### b. Allegation of civil rights violation

Danastorg has failed to adequately allege a civil rights violation. There are no factual allegations whatsoever to support her conclusion that she was discriminated against and on what basis. From the text of the Amended Complaint, the Court cannot infer what this violation could plausibly be or on what basis she might have been discriminated against. Notably, Danastorg does not address the civil rights allegation at all in her opposition to the motion to dismiss. Thus, any civil rights violation alleged is dismissed pursuant to Rule 12(b)(6).

## V.     CONCLUSION

Accordingly, US Bank's Motion to Dismiss [ECF No. 36] is <u>GRANTED</u>. The Amended Complaint is dismissed.[5]

**SO ORDERED.**

Dated: March 2, 2017

<u>/s/ Allison D. Burroughs</u>
ALLISON D. BURROUGHS
UNITED STATES DISTRICT JUDGE

---

[5] On January 31, 2017, US Bank filed a motion requesting oral argument on the motion to dismiss [ECF No. 47], which Danastorg opposed [ECF No. 48]. The Court <u>DENIES</u> the request because oral argument will not assist the Court in reaching a determination on the instant motion to dismiss.